UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE W. CARLISLE JR.,       )
                                )
       Plaintiff,          )
                                )
      vs.                 )        Case No.   4:06CV00643 AGF
                                )
CITY OF O'FALLON,          )
                                )
       Defendant.     )

## ORDER

This matter is before the Court on the Defendant's Motion to Compel. [Doc. #16]. In its motion, Defendant seeks to compel Plaintiff to execute a written employment records release for each of his employers since January 10, 2005. Plaintiff, who appears pro se, has asserted a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., asserting that Defendant failed to hire Plaintiff in January 2005, based on Plaintiff's race, sex, and age. Defendant asserts that the information it seeks is relevant to issues such as how much Plaintiff has earned from each of his employers since the date of the alleged discrimination, and to whether Plaintiff was truly qualified for the position for which he applied with the City. Defendant further asserts that a release, a copy of which is attached to the motion, is necessary to obtain such information.

Although Plaintiff initially objected to signing such releases with respect to all of his employers after January 2005, in an email dated January 10, 2007, attached to Defendant's Reply as Exhibit A, Plaintiff agreed to provide such authorizations with

respect to all of his employers for whom he has worked since filing the Complaint, except for his current part-time employer. [Doc. #21]. Plaintiff asserts that such information with regard to his present employer is not relevant because the employment is part-time, and that the release is overly broad and seeks private information, including medical information.

In light of Plaintiff's agreement to sign releases with respect to his employers, other than his current employer, the Court shall order that such releases be signed. With respect to Plaintiff's current employer, Defendant is correct that the fact that the employment is part-time has no bearing on its relevance. As such, the Court finds that information pertaining to Plaintiff's wages with his current employer is relevant and subject to disclosure. The Court further finds that the following information is also relevant: information provided by Plaintiff in connection with his employment application; documents reflecting the various positions held by Plaintiff with his current employer; documents reflecting any evaluation of Plaintiff's job performance; and any documents reflecting any disciplinary action taken against Plaintiff. The release requested by Defendant, however, goes beyond these areas, and such a broad request for information could possibly jeopardize Plaintiff's current employment.

As such, Defendant shall be entitled to seek the information identified above from Plaintiff's current employer. Plaintiff may, if he so chooses, elect to provide this information through an amended release prepared by Defendant consistent with this Order. In the alternative, should Plaintiff choose not to proceed by way of an amended

release, Defendant shall be free to issue a subpoena to Plaintiff's current employer consistent with this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel [Doc. #16] is **Granted in part and Denied in part** as follows:

a) On or before **February 10, 2007**, Plaintiff, per his agreement, shall provide written releases to Defendant with regard to each of his employers, other than his current part-time employer, for the time period from January 2005 to the present.

b) On or before **February 10, 2007**, Plaintiff shall advise Defendant whether he wishes to have information obtained from his current employer by way of release or subpoena. If Plaintiff elects to proceed by way of release, Defendant shall provide to Plaintiff an amended release consistent with the terms of this Order. If Plaintiff does not elect to sign an amended release with respect to Plaintiff's current employer, Defendant shall be free to issue a subpoena to Plaintiff's current employer with regard to the following information: Plaintiff's date of employment; all positions held; Plaintiff's wages and benefits in all positions held; information provided by Plaintiff in connection with his application for employment; any evaluations of Plaintiff's job performance; and any disciplinary action taken against Plaintiff.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of January, 2007.