UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:06CV00643 AGF |
| CITY OF O'FALLON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of Defendant City of O'Fallon, Missouri ("City") for summary judgment. Plaintiff George Carlisle, an African-American male who was approximately 58 years old during the relevant time period, alleges in his pro se complaint that the City discriminated against him by failing to employ him due to his race, gender, and age. He alleges that the City selected persons who were less qualified than him, less than 40 years of age, and who were not members of a minority race. Plaintiff used a Title VII form for his complaint, and seeks "back wages, hiring and punitive damages." For the reasons set forth below, the City's motion for summary judgment shall be granted in part and denied in part.

## BACKGROUND

The record establishes the following. In early January 2005, the City's

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Environmental Service Department advertised for a job opening titled "Customer Service Representative I" in the Department of Environmental Services. This was a new position created by the City. The job description stated that the primary responsibilities of the job included the collection of delinquent customer fees and the handling of customer service needs. The requirements for the job included prior collection and customer service experience, the ability to communicate professionally both orally and in writing, proficiency with computers with an emphasis on Microsoft Excel and Word, a high school diploma, or equivalent, and the ability to deal with difficult people. Attach. to Def. Ex. A. In addition, the City had a policy "to promote existing qualified employees rather than hire new employees when the City determines such action is in its best interest." Attach. to Def. Ex. A. Melinda Bostic, an employee in the City's human resources department, attested that, in accordance with this policy, the City preferred to promote an internal candidate into the new Customer Service Representative position, as this employee would already be familiar with the City's "atmosphere, policy, and procedures." Def. Ex. A.

Plaintiff applied for this position via an email dated January 10, 2005. The copy of this email contained in the Court record indicates that the email was sent at 12:35 p.m. In this email, Plaintiff described his educational background, employment history, and certifications and training. The email states that Plaintiff received a Bachelor's degree, and had completed graduate courses towards a Masters degree, in business administration. His work history showed that he had approximately 29 years of work

2

experience, including 16 years of small business corporate management experience, nine years of "PC/Network" experience, and four years of "network administrator computer" experience. The application also stated that Plaintiff had training as a Microsoft Certified Systems Engineer, Microsoft Certified Professional + Internet, Brainbench Certified Windows NT Administrator, and in Windows 2000 Professional & Server. Nothing in Plaintiff's email application indicated his race. The email contained a spelling error in the subject line: "Representative" was misspelled as "Rpresentative."

Plaintiff maintains that he sent two more emails to the City on January 10, 2005. Copies of these emails appear in the Court record. The first, showing a sent time of 12:45 p.m., is an application for a Reservation Booking Specialist position. This email is identical to the email sent at 12:35 p.m., except that the subject line refers to a Reservation Booking Specialist position, and the email had an attached copy of Plaintiff's resume. The second of these emails, with a sent time of 12:44 p.m., submits an attached copy of Plaintiff's resume for the Customer Service Representative position. The Court notes that in this email "Representative" is again misspelled as "Rpresentative."

Plaintiff further maintains that he sent three other emails to the City, two on March 28, 2005, and one on April 6, 2005, in regard to the two positions. Copies of these emails also appear in the Court record. The first email of March 28, 2005, with a sent time of 5:12 p.m., was in reference to the Reservation Booking Specialist position and contained an attached copy of Plaintiff's resume. The second email of March 28, 2005, with a sent time of 5:14 p.m., was in reference to the Customer Service

3

Representative position and also contained an attached copy of Plaintiff's resume. The email sent on April 6, 2005, indicated that it was sent at 4:48 p.m., and that it was in reference to the Reservation Booking Specialist position. It also contained an attached copy of Plaintiff's resume. Melinda Bostic, an employee in the City's human resources department, attests by affidavit dated May 14, 2007, that the City's Director of Information Systems informed her that the City "had no record of receiving" any email application from Plaintiff for the Reservation Booking Specialist position. She further attests that the City has a record of receiving only the first email sent by Plaintiff at 12:35 p.m. on January 10, 2005, and has no record of receiving any of the subsequent emails Plaintiff allegedly sent. Def. Ex. E.

Plaintiff's application for the Customer Service Representative position was one of 40 received, of which two were from in-house candidates. Four candidates were selected for interviews from the applicant pool, including the two in-house applicants. Plaintiff was not among these candidates. All four of the applicants who were given interviews were Caucasian women. According to Bostic's affidavit, all four had submitted applications which explicitly showed experience in customer service and collections, and she selected for interviews the "four candidates whose applications best revealed experience in customer service and collections." Def. Ex. A. After interviewing the four candidates, the City offered the job to one of the interviewees, who was almost 52 years of age at the time. This interviewee was one of the in-house candidates. At the time she was working as a janitor for the City, cleaning buildings, and she did not have

4

any other jobs with the City before that. The offer was made on January 17, 2005, and was accepted that same day.

Plaintiff never received a response from the City about his application(s). On July 7, 2005, Plaintiff filed a discrimination charge with the Missouri Commission on Human Rights. A copy of this charge is not included in the record before the Court.

At Plaintiff's deposition taken on December 14, 2006, when asked about the misspelling in the subject line of the original email application for the Customer Service Representative position, Plaintiff responded that he typically would copy and paste the title of job positions for which he was applying, and that the misspelling was in the original source from which he got the job title. Plaintiff was asked if he had applied for other positions with the City after the original email application. Plaintiff responded "yes." Counsel for the City asked Plaintiff if he knew how many positions he had applied for after the original email application, and Plaintiff responded that he did not know. Plaintiff was then asked if he knew of any specific positions he had applied for after the original email application. Plaintiff responded that he did not keep a separate record, but there were some trails, such as emails and his resume files, he had available to him. Carlisle dep. 38, 47-48.

Later in the deposition, counsel for the City quoted the discrimination charge as stating that Plaintiff applied for "multiple positions" with the City. Plaintiff agreed that this was what he wrote in the discrimination charge. The City's counsel then asked Plaintiff what those positions were. Plaintiff responded that on the charge he listed two

5

positions, Environmental Customer Service Representative and Reservation Booking Specialist. The City's counsel then asked when Plaintiff applied for the Reservation Booking Specialist position. Plaintiff responded that he did not know the exact date or even generally when he applied for the position. Id. at 57-58.

In his deposition, Plaintiff admitted that he did not know anything about the City's hiring process for the Customer Service Representative position. He also admitted that at the time of his deposition, in December 2006, he did not know the age, gender, race, or qualifications of the persons hired; and he had no specific facts to support his allegation that the persons hired for the positions "were less qualified, under 40 years of age, not members of a minority race, nor male." Id. at 43-44, 58-59, 65-66.

In its answers to Plaintiff's interrogatories, the City claimed that it did not hire Plaintiff for the Customer Service Representative position for three reasons: (1) the lack of customer service experience noted in his application, (2) the spelling mistake in the subject line of the email application, and (3) the fact that he was an outside instead of an in-house applicant. The City also stated in an interrogatory answer that it did not have a "formal, systematic, objective system" of evaluating prospective job candidates. Def. Ex. B, answer to interrogs. 2, 5.

The City's memorandum in support of its motion for summary judgment addresses only Plaintiff's claims with regard to the Customer Service Representative position. The City argues that it is entitled to summary judgment on Plaintiff's claims of race, gender, and age discrimination related to the City's failure to hire him for the

6

position of Customer Service Representative because Plaintiff has failed to offer evidence to support his allegation that the City violated the law by rejecting him for employment. The City asserts that Plaintiff has not offered evidence that establishes a prima facie case of discrimination, supports his contention that he was qualified for this position, or suggests that the City's legitimate, articulated reasons for rejecting his application were pretextual. The City also states that it did not know Plaintiff's race at the time it rejected Plaintiff's application, and that Plaintiff cannot prove that the person ultimately hired as the Customer Service Representative was "substantially younger" than him.

In response, Plaintiff summarily states that he met the requirements for a prima facie case of discrimination, and that the City failed to meet the standard for summary judgment, in that there are genuine issues that should be addressed at trial, "especially the issue of whether the City hired the most qualified candidate for the position." Plaintiff also asserts that he applied for two positions with the City, i.e., Customer Service Representative as well as Reservation Booking Specialist. He names the two Caucasian women who was hired for these positions. The City admits that these women were the applicants hired, that they were both Caucasian, and that both were younger than Plaintiff.

Plaintiff states on the first page of his response that "[t]here are no disputes of material fact." However, on the next page of his response, Plaintiff states that there are three issues of material fact in dispute: (1) whether Plaintiff met the qualification requirements "for the positions"; (2) whether the preference of in-house candidates is a

7

bona fide business requirement; and (3) whether the spelling error on Plaintiff's email application for the Customer Service Representative position rendered him unqualified. Plaintiff then states that the City's reasons for not hiring him are not legitimate and non-discriminatory, that they did not appear in the original job listing of qualifications, and that the City's reasons are not "bona fide occupational qualifications." Next, Plaintiff asserts that the City's job assessment procedure was a "sham." Finally, Plaintiff alleges that the City discriminated against him by continuing to advertise for both positions after Plaintiff had submitted his applications.

Plaintiff submits his own affidavit, dated April 3, 2007, in which he attests that he sent all of the emails mentioned above to the City. He also elaborates on his work experience, education, military service, certifications, and training. He attests that he was qualified for both positions.

In reply, the City asserts that Plaintiff has failed to create a genuine issue of fact on the two main issues raised in the City's motion for summary judgment with respect to the Customer Service Representative position: (1) Plaintiff was not qualified, in the City's opinion, for the job; and (2) Plaintiff has no evidence to suggest that the City's articulated legitimate reasons for rejecting his application are pretextual. The City points out that Plaintiff himself stated in his response that there are no issues of material fact. The City again asserts that Plaintiff has not established a prima facie case for discrimination and that Plaintiff has not offered any facts to challenge the City's articulated reasons for not hiring him.

8

With regard to the Reservation Booking Specialist position, the City contends that it never received an application from Plaintiff, and that it is ultimately Plaintiff's burden to prove both that the City received his application for this position and that it rejected the application illegally, and that he cannot prove either.

## DISCUSSION

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record.  Tademe v. Saint Cloud State Univ., 328 F.3d 982, 986 (8th Cir. 2003); Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir. 2003).  The court "must not weigh evidence or make credibility determinations." Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003). The moving party bears the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

When a motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine

issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because discrimination cases often turn on inferences rather than direct evidence, summary judgment should be "cautiously granted" in such cases. Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002); see also Mayer, 318 F.3d at 806.

**Statutory Framework**

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that the City's decisions not to hire him were based on his race as an African-American, his age, and his gender. His claims are not founded on any direct evidence of discrimination, but instead rests on the fact that the person hired was Caucasian, younger, and female. Under these circumstances, Plaintiff's Title VII failure to hire claims must be analyzed using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this framework, the employee has the burden of establishing a prima facie case, which in the

10

failure-to-hire context, requires a plaintiff to show that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the defendant was seeking applicants; (3) he was rejected; and (4) the defendant sought applications from others or hired someone from outside the protected class. Gordon v. Shafer Contracting Co., 469 F.3d 1191, 1196 (8th Cir. 2006); Arraleh v. County of Ramsey, 461 F.3d 967, 975 (8th Cir. 2006).

If the employee establishes a prima facie case, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence of a legitimate, non-discriminatory reason for the challenged action. If the employer meets that burden, the employee may prevail by proffering evidence that the employer's reason was a pretext for intentional discrimination. Id. Pretext may be shown directly, by showing that the employer was more likely motivated by a discriminatory reason, or indirectly, by showing the employer's explanation is unworthy of credence. Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1108 (8th Cir. 1998). The plaintiff at all times bears the ultimate burden of establishing the existence of facts which, if proven at trial, would permit a jury to conclude that intentional discrimination was the true reason for the defendant's action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 508 (1993); Rose-Maston, 113 F.3d at 1108.

An age discrimination claim is properly raised under the Age Discrimination in Employment Act ("ADEA"), not Title VII. The ADEA forbids employers from taking adverse employment actions against employees because of their age. 29 U.S.C.

§ 623(a)(1). Because Plaintiff is pro se, the Court grants him some leniency and assumes that he meant to bring his age discrimination claim under the ADEA. Since Plaintiff has produced no direct evidence of age discrimination, Plaintiff's ADEA claims are also analyzed under the burden-shifting framework of <u>McDonnell Douglas</u>. <u>See</u> <u>Lewis v. St. Cloud State Univ.</u>, 467 F.3d 1133, 1136 (8th Cir. 2006). In a failure-to-hire case, the prima facie case of age discrimination consists of four elements: (1) the plaintiff was in the protected age group (over 40), (2) the plaintiff was otherwise qualified for the position, (3) the plaintiff was not hired, and (4) the employer hired a substantially younger person to fill the position. <u>Christensen v. Titan Distribution, Inc.</u>, 481 F.3d 1085, 1095 (8th Cir. 2007); <u>Schlitz v. Burlington No. R.R.</u>, 115 F.3d 1407, 1413 (8th Cir. 1997).

**<u>Customer Service Representative Position</u>**

The Court will assume, for purposes of the motion under consideration, that Plaintiff has established a prima facie case. The burden then shifts to the City to articulate a legitimate, non-discriminatory reason for its failure to hire Plaintiff for this position. The City states that Plaintiff was not hired for three reasons: (1) the lack of customer service experience noted in his application, (2) the spelling mistake in the subject line of the email application, and (3) the fact that he was an outside instead of an in-house candidate. On their face, these are legitimate, non-discriminatory reasons for choosing not to hire Plaintiff.

The burden, therefore, shifts back to Plaintiff to "'prove by a preponderance of

the evidence that the legitimate reasons offered by defendant were not its true reasons, but were a pretext for discrimination.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 243 (1981)). Plaintiff can withstand summary judgment if the evidence in its entirety: (1) creates a fact issue as to whether the City's proffered reasons are pretextual; and (2) creates a reasonable inference that race or gender (or age) was a determinative factor in the adverse employment decision. Rothmeier v. Inv. Advisors, Inc., 85 F.3d 1328, 1336-37(8th Cir. 1996). Viewing the facts and inferences from the facts in the light most favorable to Plaintiff, the Court finds no evidence that creates a reasonable inference that race, gender, or age was a determinative factor in the City's decision not to hire Plaintiff for the Customer Service Representative position, nor does the Court find any evidence that could support an inference of pretext.

Plaintiff asserts that he was more qualified than the person ultimately hired for the Customer Service Representative position and that the application procedure process was a "sham." He asserts that his application implicitly reflected that he had customer service experience by the nature of the jobs he held in the past. He points to the facts that the person hired for this position was working as a janitor at the time, and did not have any other prior jobs with the City. He also attests, without support, that the person hired did not have a college education and had only seven years work experience, and he points to his own more-extensive work history and education, as reflected in his application for the position. The Court concludes that this argument is without merit. "Although an

13

employer's selection of a less qualified candidate 'can support a finding that the employer's nondiscriminatory reason for the hiring was pretextual,' it is the employer's role to '[i]dentify [] those strengths that constitute the best qualified applicant.'" Kincaid v. City of Omaha, 378 F.3d 799, 805 (8th Cir. 2004) (quoting Duffy v. Wolle, 123 F.3d 1026, 1037-38 (8th Cir. 1997)).  "The employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers."  Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).  Furthermore, although an applicant may "posses the experience and some of the other qualities essential for success in the position, this does not suffice to raise an inference that [the employer's] stated rationale for giving the position to another is pretextual."  Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1311 (8th Cir. 1995).

      Here, looking to the first reason offered by the City, Plaintiff offers no evidence to dispute that prior customer service experience was an important factor in the screening and hiring process, and that the four candidates interviewed for the position had that experience.  The Court's own review of Plaintiff's application for this position (as well as his email with his resume which he allegedly sent separately) does not reflect collections experience, and does not reflect any direct customer service experience.  With regard to the second reason, even assuming that Plaintiff's explanation for the misspelling in the subject line of his original email application is accurate, the fact remains that he submitted an email application for a job, with a key word misspelled in the subject line of

14

the email. Nor has Plaintiff demonstrated that the City's preference for an in-house hire was untrue or unimportant.

The City has also presented uncontroverted evidence that it did not know Plaintiff's race at the time it made its hiring decision, which would also support summary judgment in favor of the City on Plaintiff's claim of race discrimination. See <u>Saulsberry v. St. Mary's Univ. of Minn.</u>, 318 F.3d 862, 868 (8th Cir. 2003); <u>Rabinovitz v. Pena</u>, 89 F.3d 482, 488 (7th Cir. 1996) ("Proof that an employer did not know of a plaintiff's membership in a protected class would likely preclude any assertion of pretext.").

In sum, no inference has been created that the City's stated reasons for not employing Plaintiff in this position are pretextual. See <u>Arraleh</u>, 461 F.3d at 976-77 (affirming summary judgment in employer's favor where plaintiff failed to show that employer's assertion that its decision not to hire plaintiff "was based on our determination that the education and work experience of the candidate we selected best fits the requirements of this position" was pretextual). The City's motion for summary judgment with respect to the Customer Service Representative position shall be granted.

**<u>Reservation Booking Specialist Position</u>**

Plaintiff has presented both physical evidence and a sworn affidavit that he sent the emails in question in application for the position of Reservation Booking Specialist. Bostic, an employee in the City's human resources department, asserts in a sworn affidavit that she was informed by the City's Director of Information Services that the City "has no record of receiving" an application from Plaintiff for the position in

15

question, or indeed, any of Plaintiff's emails other then the first one sent on January 10, 2005. The Court notes that Bostic's affidavit is not based upon personal knowledge that the City has no record of receiving the emails in question, as required by Federal Rule of Civil Procedure 56(e). Furthermore, the fact that the City may have no record of receiving the emails in question is not quite the same as proof that the City in fact never received them. Moreover, at this stage of the proceedings, the Court must accept as true Plaintiff's verified statement, supported by the copies, that the emails were in fact sent. Viewing the facts in the light most favorable to Plaintiff, as the non-moving party, the Court believes that a genuine issue exists on the material fact of whether the City received Plaintiff's application for the Reservation Booking Specialist position.

In its reply, the City argued that Plaintiff cannot prove either that the City received his application for this position, or that the City illegally rejected the application. Assuming that this put Plaintiff to the task of a establishing a prima facie case of race, gender, and/or age discrimination, the Court concludes that Plaintiff has done so sufficiently to survive the City's motion for summary judgment. The only element of the prima facie case in question on this matter is the third element – that Plaintiff applied and was qualified for the job. As discussed above, Plaintiff attested that he sent the email application for the Reservation Booking Specialist position. Plaintiff also attested in his affidavit that he was qualified for this position. The City argued, in response to Plaintiff's statement of this as an uncontroverted fact, that the assertion in the affidavit does not meet the "personal knowledge" requirement for summary judgment affidavits

under Federal Rule of Civil Procedure 56(e). But the City nowhere asserts that Plaintiff was not qualified for the position. Given that Plaintiff is proceeding pro se, the Court concludes that Plaintiff has met his burden at this stage of the proceedings to establish a prima facie case.

Therefore, summary judgment cannot be granted on Plaintiff's race, age, and gender discrimination claims with respect to the Reservation Booking Specialist position.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED** with respect to claims based upon the Customer Service Representative position, and **DENIED** with respect to claims based upon the Reservation Booking Specialist position. [Doc. #27]

                                                                                   */s/ Audrey G. Fleissig*
                                                                                   AUDREY G. FLEISSIG
                                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2007.