UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV0643 AGF |
| ) | |
| CITY OF O'FALLON, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

In its pretrial brief and at the final pretrial conference, Defendant City of O'Fallon, Missouri, argued that the Court only has jurisdiction to consider Defendant's failure to hire Plaintiff for the Reservation Booking Specialist position filled on February 7, 2005, for which Plaintiff allegedly sent an email application on January 10, 2005. Plaintiff allegedly emailed two other applications for this position, one on March 28, 2005, and one on April 6, 2005. According to the parties' Joint Stipulation of Uncontested Facts, the position was filled on February 7, 2005, and the person hired for the position resigned effective April 28, 2005. Defendant states in its brief that it "received various applications for this position for the two times the position was open in 2005; Plaintiff's was not one of them." (Def.'s Br. 2.)

As Defendant notes, in Plaintiff's EEOC charge filed on July 8, 2005, Plaintiff only mentions his job applications of January 10, 2005, for this and another position with Defendant. In the box on the charge form asking for the "Date Discrimination Took

Place," Plaintiff wrote January 14, 2005. (Def.'s Ex. C.) Defendant argues that Plaintiff has thus exhausted his administrative remedies only with respect to a claim of discrimination based on his alleged January 10, 2005 application, and that this Court is without jurisdiction to decide any other claim.

The claims of employment discrimination over which a district court has jurisdiction "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." Parisi v. The Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005). As explained in Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006),

> [i]f the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because the plaintiff may only seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge. Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge.

Id. (citations omitted).

Here, in his EEOC charge, Plaintiff specifically identified only one time that he applied for open positions with Defendant, January 10, 2005. It is stipulated that the Reservation Booking Specialist position he applied for at that time was filled with someone else on February 7, 2005. This failure to hire Plaintiff was a discreet employment action, and neither the EEOC nor Defendant was put on notice that Plaintiff was claiming an additional act of discrimination in failing to hire him when the position

became vacant effective April 28, 2005. Nor has Plaintiff suggested that the EEOC in fact investigated any later hiring decisions.[1]

The Court accordingly concludes that it only has jurisdiction to consider Defendant's failure to hire Plaintiff for the Reservation Booking Specialist position filled on February 7, 2005. Cf. Hall v. FlightSafety Intern, Inc., 106 F. Supp. 2d 1171, 1187-88 (D. Kan. 2000) (holding that where complaint alleged discrimination in failing to hire plaintiff to two positions, court did not have jurisdiction over claim of discrimination in failing to hire plaintiff to one of those positions which was not included in the timely EEOC charge; "If plaintiff thought that he was not selected for the Assistant Manager's position because of his race, he could have, and indeed should have, included the allegation in the charge along with the discrimination allegation regarding the third CIT position." ); Hendrix v. Employers' Reinsurance Corp., 2001 WL 709355, at *3 (D. Kan. 2001) (holding that EEOC charge which asserted discrimination in failure to hire plaintiff to a certain position and which stated the earliest date of discrimination, did not permit plaintiff to claim in court that the failure to hire him for another position as well with the same title on a date prior to that noted on the administrative charge; "we do not believe

---

[1] The record indicates that when Plaintiff filed this action, much less so when he filed his EEOC charge, he did not know who had been hired for the Reservation Booking Specialist position, and thus did not have a factual basis for asserting that a younger, white, and/or female individual had been hired. With due diligence, Plaintiff could have learned that the position became vacant effective April 28, 2005, and he could have filed a different charge with the EEOC.

3

the investigation of discrimination would reasonably include the earlier position given the date limitations placed in the administrative charge.").

                                        _____
                                        AUDREY G. FLEISSIG
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of October, 2007.