UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV0643 AGF |
| | ) |
| CITY OF O'FALLON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This employment discrimination action brought under Title VII of the Civil Rights Act of 1963, 42 U.S.C. §2000(e), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 ("ADEA"), is before the Court[1] for findings of fact and conclusions of law, following a bench trial held on October 30, 2007. Plaintiff George Carlisle, an African-American male who was approximately 58 years old during the relevant time period, claimed that Defendant, the City of O'Fallon (the "City") discriminated against him by failing to employ him in two different positions due to his race, gender, and age, and selecting persons for these positions who were less qualified than him, female, less than 40 years of age, and who were not members of a minority race.

The City sought summary judgment, arguing that the evidence established that the

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

City based its hiring decision for one of the positions, that of Customer Service Representative, on legitimate, non-discriminatory reasons, and that Plaintiff failed to present evidence that the articulated reason for rejecting his application was pretextual. With respect to the second position, that of Reservation Booking Specialist, the City asserted that it never received the email application which Plaintiff asserted he sent, and that therefore the failure to hire Plaintiff was not based on discrimination.

By Memorandum and Order dated August 1, 2007, the Court granted the City summary judgment with respect to the Customer Service Representative position, but denied summary judgment with respect to the Reservation Booking Specialist position. With respect to the latter position, the Court concluded that the City's evidence failed to establish the absence of disputed facts, namely, that the City did not receive the application in question. Viewing the evidence in the light most favorable to Plaintiff as the nonmoving party, including Plaintiff's verified statement that he sent the email application, the Court concluded that a genuine issue existed on the material fact of whether the City received Plaintiff's application, precluding the grant of summary judgment for the City. (Doc. #34.)

A bench trial was held on October 30, 2007. Plaintiff represented himself at trial. At the outset, the Court notes that it did not find the testimony of Plaintiff to be credible, his testimony at times being inconsistent and at times being wholly unbelievable. On the other hand, the Court found the testimony of the City's employees to be credible, and to the extent the testimony of the City's employees differed from that of Plaintiff, the Court

credits the testimony of the City's employees.  Upon review of the entire record, including the trial testimony and the exhibits offered by the parties, and having had an opportunity to observe the demeanor of the witnesses, the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

In early January 2005, the City advertised openings for both positions involved in this case, and provided that applications could be submitted by email, by regular mail, or in person.  Plaintiff testified that on January 10, 2005, he sent three emails addressed to Human Resources at the City: (1) one at 12:42 p.m., noting the Customer Service Representative position in the subject line of the email, and describing in the body of the email, Plaintiff's educational background, employment history, and certifications and training; (2) one at 12:44 p.m., attaching a resume for the Customer Service Representative position; and (3) one at 12:45 p.m., identical to the first email, but noting the Reservation Booking Specialist position in the subject line, and attaching a copy of Plaintiff's resume.

The City received only the first email noted above.  This finding is based upon the testimony of Melinda Bostic, who at the time in question, was the administrative assistant to the Director of Human Resources at the City; and Brian Bazzell, the assistant Director of Information Technology ("IT") at the City from February 2002 to June 2005, and the Director of IT thereafter.  Ms. Bostic testified that at the time in question, she was in charge of all employee files.  She testified that emails addressed to Human Resources

went directly to her computer, and that when she got job applications or resumes by email, she would either forward them to the appropriate person, or print them herself. Ms. Bostic remembered receiving an email application from Plaintiff in January 2005 for the Customer Services Representative position, but not one for the Reservation Booking Specialist position.

Ms. Bostic further testified that after Plaintiff filed his administrative discrimination charge, her supervisor asked her for the file with all the applications that had been received for the Reservation Booking Specialist position. Plaintiff identified this file at trial, which contained applications from 29 individuals. The file did not include an application from Plaintiff. (Def.'s Ex. B.) The Court finds the testimony of Ms. Bostic entirely credible.

The reason why the City did not receive Plaintiff's second and third emails noted above, including the application for the Reservation Booking Specialist position at issue, is not certain. It is possible that they were never sent. Even if sent by Plaintiff, however, there are other explanations for why the emails were not received. Mr. Bazzell testified that assuming Plaintiff had sent the 12:44 p.m. and 12:45 p.m. January 5, 2005 emails with the attachments, a virus blocker and/or SPAM filter connected to Plaintiff's internet service provider or the City's email system might have detected a problem with the emails or attachments and deleted the messages entirely, without any delivery failure notification being sent to Plaintiff or the City. Mr. Bazzell testified that the SPAM filter used by the City in January 2005 was very unreliable. One day it would let an email

4

through from a legitimate email address and then the next day, block that same email address. For example, the SPAM filter was blocking emails from the City's attorneys regularly, and the only way the City knew about those was that someone from the attorneys' office would call and ask whether they had been received; at times they were not, and the attorneys' office would then have to resend them. Ms. Bostic confirmed having problems with the receipt of emails during this time period. Mr. Bazzell also testified that it was certainly possible that the reason the 12:42 p.m. January 5, 2005 email would have gone through properly, but not the 12:44 p.m. and 12:45 p.m. emails from that same day, was that the earlier email had no attachment, whereas the other two emails did. Again, the Court finds the testimony of Mr. Bazzell entirely credible.

Plaintiff never received a response from the City about his applications. Although Plaintiff testified that he "always" had his computer set to request a return receipt,[2] he acknowledged that he did not receive such an acknowledgment from the City, and never inquired about his applications.

A white female, who was approximately 30 years of age, was hired for the Reservation Booking Specialist position on February 7, 2005. The City had a stated policy of giving hiring preference to current employees, and consistent with this policy, the person hired was already employed by the City in another capacity, and had in fact

---

[2] In his deposition, however, Plaintiff testified that he did not know whether he had his computer set to request a return receipt during this time period, further undermining Plaintiff's credibility.

5

been performing the tasks of a Reservation Booking Specialist. The person hired then quit on April 18, 2005, and the vacancy was again announced and filled. On July 8, 2005, Plaintiff filed a discrimination charge with the Missouri Commission on Human Rights. The charge mentioned his job applications of January 10, 2005, and claimed that the date the discrimination took place was January 14, 2005.[3]

## CONCLUSIONS OF LAW

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA forbids employers from discriminating against individuals because of their age. 29 U.S.C. § 623(a)(1). Because a full trial record has been developed, the Court is not concerned with Plaintiff's prima facie case; what is relevant, at this point, is simply whether Plaintiff's evidence permits a reasonable inference of intentional discrimination. See <u>U.S. Postal Serv. Bd. of Governors v.</u>

---

[3] Plaintiff provided copies of three other emails he claims he sent to Human Resources at the City, two on March 28, 2005, and one on April 6, 2005, in regard to the two positions. All three emails had an attachment. The first email of March 28, 2005, was in reference to the Reservation Booking Specialist position; the second email of March 28, 2005, was in reference to the Customer Service Representative position; and the April 6, 2005 email was in reference to the Reservation Booking Specialist position. The Court credits Ms. Bostic's testimony that the City never received these emails. In any event, by Memorandum and Order dated October 23, 2007, the Court concluded with respect to the Reservation Booking Specialist position, that the Court had jurisdiction to consider the City's failure to hire Plaintiff for this position only when the vacancy was filled on February 7, 2005. (Doc. #56.)

Aikens, 460 U.S. 711, 717 (1983); EEOC v. Kohler Co., 335 F.3d 766, 772 (8th Cir. 2003); Cardenas v. AT&T Corp., 245 F.3d 994, 998 (8th Cir. 2001). "As in any lawsuit, the plaintiff [in an employment discrimination case] may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it whatever weight and credence it deserves." Aikens, 460 U.S. at 714 n.3. "The plaintiff retains the burden of persuasion at all times and accordingly the plaintiff must present sufficient evidence to persuade the trier of fact that the adverse employment action was motivated by intentional discrimination." Berg v. Bruce, 112 F.3d 322, 327 (8th Cir. 1997) (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1973)). Here the question of whether the City intentionally discriminated against Plaintiff in failing to hire him for the Reservation Booking Specialist position first depends on the question of whether the City received his application.

The Eighth Circuit recognizes a rebuttable presumption that emails that were sent were received by the intended recipient. See Kennel v. Gates, 215 F.3d 825, 829 (8th Cir. 2000). However, this is just a rebuttable presumption. Even if one accepts that Plaintiff sent the email application, here the Court concludes that the City has rebutted the presumption, and has established by the credible evidence of Ms. Bostic and Mr. Bazzell that it did not receive Plaintiff's email application for the Reservation Booking Specialist position.[4]

---

[4] The Court recognizes that the commentators differ as to the effect of similar presumptions when the opponent offers evidence to rebut the presumption. See Paul G.

Perhaps it was negligent of the City to invite email applications for job vacancies when the City knew that its email system's SPAM filter was unreliable. But this does not equate with intentional discrimination against Plaintiff. Plaintiff did not present any evidence that the City intentionally misplaced or discarded his application because of his race, gender, or age, or for any other reason. Accordingly, the Court enters judgment on this claim against Plaintiff and in favor of the City. See Mack v. ST Mobile Aerospace Eng'g, Inc., 195 Fed. Appx. 829, 845 (11th Cir. 2006) (affirming summary judgment in favor of employer on failure-to-promote claim where the employer claimed it did not consider the plaintiff for the promotion because it had no record of him ever applying for it, and the plaintiff did not present any evidence that this legitimate non-discriminatory reason for not promoting him was pretextual).

Further, the Court notes that Plaintiff has wholly failed to demonstrate that the City's hiring decision was motivated by discrimination. The Court notes that when he filed this action, and as late as when his deposition was taken on December 14, 2006, Plaintiff had no evidence to support his claim of discrimination. He did not know who was hired for the Reservation Booking Specialist position, who made the hiring decision, or how the hiring decision was made. It is undisputed that Plaintiff's resume in no way

---

Giannelli, Understanding Evidence § 35.04, at 55-58 (Lexis Nexis 2003). Regardless of whether one assumes that the presumption shifts the burden of persuasion of non-receipt to the City, or assumes that the presumption "bursts," leaving the burden of persuasion as to receipt on Plaintiff, this Court's finding would be the same. Even if one assumes the burden of persuasion shifted to the City, the City has met its burden to demonstrate that it did not receive the application at issue.

disclosed his race; nor has Plaintiff offered any evidence to suggest that the hiring decision was the result of discrimination in any regard. While Petitioner's resume reflects his education and experience, this does not negate the City's evidence that it hired the person it believed was the best suited for this particular job. The City offered credible evidence that it legitimately favored in-house applicants, and that it believed that the person hired, an in-house applicant who was already satisfactorily performing the duties of the position, was the best qualified for the position.

In sum, the Court concludes that Plaintiff has not met his burden of showing that the City's challenged employment decision was motivated in any way by Plaintiff's race, gender, or age. All claims having been resolved in the City's favor, a separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2008.