UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. CARLISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CV-00643 AGF |
| | ) | |
| CITY OF O'FALLON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for taxation of costs. For the reasons set forth below, the Court shall order that $406.16 be taxed against Plaintiff.

## BACKGROUND

In early 2005, Plaintiff George Carlisle, an African-American male over the age of 40, applied for the position of Customer Service Representative with Defendant the City of O'Fallon, ("City"), and possibly for a second job, that of Reservation Booking Specialist. Plaintiff did not receive a response from the City about his application(s), and on July 7, 2005, he filed a discrimination charge with the Missouri Commission on Human Rights alleging that the City selected persons who were less qualified than him, less than 40 years of age, and who were not members of a minority race. On April 17, 2006, Plaintiff filed the present action pro se and in forma pauperis, under Title VII of the Civil Rights Act of 1964.

In his December 14, 2006 deposition, Plaintiff admitted that he did not know the age, gender, race, or qualifications of the persons hired, and that he had no specific facts

to support his allegations that the persons hired for the positions "were less qualified, under 40 years of age, not members of a minority race, nor male." (Carlisle dep. 38, 58-59, 65-66).

On August 1, 2007, this Court granted summary judgment with respect to the Customer Service Representative position. However, the Court was unable to resolve Plaintiff's claims with respect to the Reservation Booking Specialist position as a matter of law, because the City could not establish without the hearing of evidence, that it had not received Plaintiff's application for that position. A bench trial was held on October 30, 2007, and on January 25, 2008, judgment was rendered in favor of the City on all claims.

On February 11, 2008, the City filed the present motion for taxation of costs. Plaintiff does not dispute that the City is the prevailing party for purposes of an award of costs. However, Plaintiff asserts that he should not be taxed costs because he is a pro se, in forma pauperis litigant, and courts have discretion not to allocate costs of litigation to the losing party. Plaintiff also specifically objects to the City's request for costs for the recording and transcript of Plaintiff's deposition, and for witness fees, subpoena fees, and mediation fees.

## **DISCUSSION**

Under Rule 54(d) of the Federal Rules of Civil Procedure, unless otherwise provided by federal statue or rules or a court order, costs "shall be allowed to the prevailing party." Only those costs that are listed in 28 U.S.C. § 1920 are recoverable. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Section 1920 provides

as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees . . . ;
> (6) Compensation of court appointed experts [and] interpreters . . . .

"[W]ithin the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). The bill of costs submitted by a prevailing party should always be given careful scrutiny by the court. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964).

Before discussing the City's entitlement to the specific costs requested, the Court rejects Plaintiff's argument that no costs should be awarded because he is a pro se, in forma pauperis litigant. Costs may be awarded even against indigent persons granted in forma pauperis status. See 28 U.S.C. § 1915(f); cf. Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (8th Cir. 1987) (per curiam) (assessing double costs against pro se litigant for filing frivolous appeal). Here, no factual basis for Plaintiff's claims existed when he filed this lawsuit, and he should have considered that he might be held liable for costs if he did not prevail. Cf. Carlisle v. St. Charles Sch. Dist., 507 F. Supp.2d 1018, 1029 (E.D. Mo. 2007) (granting defendant's bill of costs, stating, "Plaintiff's claims were completely without any evidentiary basis . . . and if Plaintiff wishes to file baseless

lawsuits, he should know that he will be required to pay the costs, at least."). The Court will accordingly turn to consider the City's entitlement to the specific costs requested.

**Court Reporter Fees/Transcript of Deposition**

The City seeks $411.93 for deposition costs, specifically $75.00 for the attendance of the reporter, $332.50 for the original transcript, $1.00 for notary fees, $3.25 for exhibits, and $21.86 for postage and handling. Against this total of $433.61, the reporting company gave a 5% discount, for a total invoice of $411.93. As noted above, Section 1920(2) allows as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Under this section, even if a deposition was not introduced at a trial, a court has discretion to award costs if the deposition was "necessarily obtained for use in a case and was not purely investigative." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted). The determination of whether a deposition was necessary "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Id. (quoted case omitted).

The losing party bears the burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken. Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984); Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo. 1982). Here, Plaintiff argues that his deposition was not necessary for use at trial and was "merely" an investigation activity. Plaintiff argues that his knowledge of the "internal workings" of the City was limited and that the "primary points" in the deposition had already been made known to the City. However, this Court

-4-

relied upon Plaintiff's deposition in granting partial summary judgment and in resolving the matter left for trial. Thus, Plaintiff has failed to meet his burden of showing that the deposition was unnecessary.

Although the costs for the court reporter and transcript of the deposition will be allowed, the postage and handling costs of $21.86 will not. See Smith v. Tenet HealthSystem SL, Inc., 436 F.3d 879, 889-90 (8th Cir. 2006); Hollenbeck, 605 F. Supp. at 439 (disallowing costs of express mailing, delivery, and postage related to a deposition transcript). Accordingly, of the $433.61 invoice for deposition costs and fees, $21.86 will be disallowed. The remaining $411.75 will be reduced by 5%, for a total allowed amount of $391.16.

**Witness Fees**

The City seeks a total of $277.00 in "witness" fees itemized as follows:

| | |
|---|---|
| Witness Fee<br>Roosevelt Univ. Records Dep't | $40.00 |
| Witness Fee<br>Univ. of Mo. - St. Louis Records Dep't | $40.00 |
| Witness Fee<br>Citigroup Mortgage | $40.00 |

The amount of witness fees that may be charged under Section 1920(3) is governed by 28 U.S.C. § 1821. Section 1821(a)(1) provides as follows:

> Except as otherwise provided by law, a witness in attendance at any court of the United States or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance.

Plaintiff objects to the City's request for witness fees on the ground that the witnesses were not necessary for, or called to be witnesses at, trial. In its reply, the City does not specifically respond to Plaintiff's objection, other than to say that the costs in question were incurred "reasonably and necessarily." Nor does the City make it clear whether these witnesses were deposed, and the Court cannot determine whether these costs fall within the scope of Section 1920(3) and Section 1821.

Accordingly, the request for $120.00 in witness fees will be denied. See <u>Fields v. Shelter Mut. Ins. Co.</u>, 2007 WL 1702512, at *4-5 (E.D. Ark. June 12, 2007) (denying witness fees when it was not clear whether the individuals were actually deposed); <u>Wheeler v. Carlton</u>, 2007 WL 1020481, at *9 (E.D. Ark. April 2, 2007) (denying the $40 per day attendance fee for individuals who did not testify or whose depositions were not used at trial).

**Service of Subpoena Fees**

The City seeks $157.00 in fees for the service of subpoenas itemized under "witness fees" as follows:

| | |
|---|---:|
| Service of Subpoena<br>Roosevelt Univ. | $117.00 |
| Service of Subpoena<br>Univ. of Mo. - St. Louis | $40.00 |

The invoices submitted by the City are from Services Rendered, Inc. While some circuits have interpreted Section 1920 to allow the prevailing party to recover private

service costs that do not exceed the marshal's fees, this Court must follow Eighth Circuit precedent regarding the recovery of special process fees. In Crues v. KFC Corp., 768 F.2d 230 (8th Cir. 1985), the Eighth Circuit stated that fees associated with the use of a special process server are not recoverable "because 28 U.S.C. § 1920 (1982) contains no provision for such expenses." Crues, 768 F.2d at 234 (citing Zdunek v. Washington Metro. Area Transit Auth., 100 F.R.D. 689, 692 (D.D.C. 1983); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2677, at 371-72 (1983)); See also EEOC v. Convergys Customer Mgmt. Group, Inc., 18 A.D. Cases 376, 381 (E.D. Mo. 2006).

Accordingly, this Court denies the City's request for $157.00 in fees for service of subpoenas.

**Fees for Exemplification and Copies**

The City seeks $15.00 for fees related to obtaining Plaintiff's social security earnings information records. Section 1920(4) allows as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." "The phrase for use in the case refers to materials actually prepared for use in presenting evidence to the court." United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 174 F.R.D. 479, 484 (D. Colo. 1997) (citation omitted). "In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration." Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997). Copies made for the "convenience, preparation, research, or for records of counsel are not recoverable." Id. Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate

the request. <u>Yaris v. Special Sch. Dist. of St. Louis County</u>, 604 F. Supp. 914, 915 (E.D. Mo. 1985).

Plaintiff does not object to this request, and the Court finds the $15.00 for copies to be a reasonable and allowable cost.

**Mediation Fees**

Defendant seeks $400.00 for fees related to mediation. Section 1920 contains an "exhaustive list" of what costs may be assessed and mediation fees are not included. Therefore, the $400.00 mediation fee will not be allowed. <u>See</u> <u>Brisco-Wade v. Carnahan</u>, 297 F.3d 781, 782 (8th Cir. 2002).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for costs [Doc. #70] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the following costs shall be and are taxed against Plaintiff:

| | |
|---|---|
| Fees of the court reporter and deposition transcript | $ 391.16 |
| Fees for copies | $    15.00 |
| **Total** | **$ 406.16** |

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of April, 2008.